# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SHAWNTA BROWN,**

      **Petitioner,**

**v.**                                **Case No. 1:05cv109**
                                      **(Judge Keeley)**

**DOMINIC GUTIERREZ,**

      **Respondent.**

## REPORT AND RECOMMENDATION

On July 26, 2005, the *pro se* petitioner initiated this case by filing an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. In the petition, the petitioner asserts that the Federal Bureau of Prisons (BOP) improperly categorized his present conviction as a crime of violence thus preventing him from being eligible for the early release provision provided for by Congress for the successful completion of the 500 Hour Residential Drug Abuse Treatment Program (RDAP). On October 25, 2006, the petitioner filed two supplements to his petition, which includes a Certificate of Completion demonstrating that he successfully completed the 500 hour Comprehensive Drug Treatment Program on August 5, 2005. On January 23, 2006, the undersigned made a preliminary review of the file and determined that summary dismissal was not warranted at that time. Consequently, the respondent was directed to file an answer to the petition and did so on March 20, 2006. Petitioner filed a reply on April 6, 2006. This matter is now ripe for a report and recommendation.

## I. Factual History

On October 9, 2003, petitioner was sentenced to a 46 month term of imprisonment following a guilty plea to being a "Felon in Possession of a Firearm" in violation of 18 U.S.C. §

922(g)(1) and 924(a)(2). (Dckt. 10-3, p. 1). Petitioner entered the custody of the Federal Bureau of Prisons ("BOP") on December 8, 2003, and was designated to the Federal Medical Center in Lexington, Kentucky. (FMC Lexington). (Dckt. 10-2, p. 2). On December 9, 2003, petitioner was given a psychology services intake screening. Although the petitioner reported a history of substance abuse, he indicated that he was not interested in drug treatment. Nonetheless, petitioner was told that he could seek enrollment in the RDAP program by sending a written request to the DAP coordinator. (Id.) On January 7, 2004, Dr. Nungess, the RDAP Coordinator at FMC Lexington, responded to petitioner's request to participate in the RDAP. Specifically, Dr. Nungess stated that while petitioner appeared to qualify for the RDAP, he did not appear to be eligible for early release because his instant offense was a crime which precluded him from early release. (Id.). On February 24, 2004, petitioner was interviewed for the RDAP. It was determined that he was eligible to participate in the program, but was not eligible for early release. (Dckt. 10-8). That same date, petitioner signed his "Agreement of Participate in BOP Residential Drug Abuse Program" (Dckt. 10-9) and also signed the "Agreement to Participate in Community Transition Programming." (Dckt. 10-10). On September 24, 2004, the petitioner was redesignated to FCI Morgantown. (Dckt. 10-4). Petitioner began participating in the RDAP on November 15, 2004 (Dckt. 10-12) and completed the residential portion of the program on August 5, 2005. (Dckt. 10-12). Although the petitioner has not notified the court of a change in address, the BOP website establishes that he was released from custody on March 30, 2007.[1]

## II. The Petition

The petitioner argues that he has been improperly denied eligibility for early release. The

---

[1] See BOP Inmate Locator at bop.gov.

sum and substance of the petitioner's argument is that the BOP is improperly categorizing his present conviction as a crime of violence.

## III. Respondent's Argument

The respondent argues that the petition should be dismissed because petitioner failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Furthermore, the respondent argues the 18 U.S.C. § 3625 precludes judicial review of the BOP's substantive determination about petitioner's eligibility for early release. Finally, the respondent argues that the BOP properly utilized Program Statement 5162.04 in determining that petitioner was not eligible for early release pursuant to 28 U.S.C. § 3621(E).

## IV. Discussion

The Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA) amended 18 U.S.C. § 3621 to require the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). The Act provides that it is applicable to persons convicted of a "nonviolent offense." 18 U.S.C. § 3621(e)(2)(B). Further, the BOP is allowed in its discretion, to reduce an inmate's sentence by up to one year after successful completion of a substance abuse program. Id.; see also Lopez v. Davis, 531 U.S. 230 (2001).

However, because the act does not define a nonviolent offense, nor enumerate the criteria for awarding early release incentives, the BOP issued regulations in May 1995,[2] to govern the implementation and regulation of the substance abuse program and a Program Statement to guide staff in determining inmate eligibility. See Program Statement 5330.10. The regulations and the

---

[2] Those regulations were published at 28 C.F.R. § 550.58.

Program Statement define a nonviolent offense as the "converse of a crime of violence." See Pelissero v. Thompson, 170 F.3d 442, 444 (4th Cir. 1999). Therefore, inmates convicted of a crime of violence as defined in 18 U.S.C. § 924(c)(3) were excluded from eligibility for early release. Section 924(c)(3) defines a crime of violence as an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

To further assist staff in determining eligibility for early release, the BOP adopted a second Program Statement in July 1995. See Program Statement 5162.02. This Program Statement offered an exhaustive list of offenses which the Bureau considers crimes of violence. Inmates who fell under any of these categories of offenses were systematically excluded from eligibility for early release. Section 7 of the Program Statement provides that "in all cases" a conviction under 18 U.S.C. § 922(g) constitutes a crime of violence.

However, the BOP's interpretation of a crime of violence was challenged as a valid interpretation of Regulation 550.58 because several federal courts had held that the mere possession of a firearm by a felon is not a crime of violence under 18 U.S.C. § 924(c). Because the Circuits split on the validity of Program Statement 5162.02, the BOP adopted a revised regulation 28 C.F.R. § 550.58 in October 1997. In its revised regulation, the BOP "abandoned its incorporation of the crime-of-violence definition from 18 U.S.C. § 924(c)," but stated that an inmate whose current offense is a felony that involved the carrying, possession, or use of a firearm or other dangerous weapon, could still be excluded from eligibility for early release at the Director's discretion. See Pelissero, 170 F.3d at 442. The BOP also amended Program Statement 5330.10 to reflect this

change and adopted Program Statement 5162.04, effective October 9, 1997, which provides that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." This Program Statement specifically states that "[a]ll offenses under 18 U.S.C. § 922(g) shall preclude an inmate from receiving certain bureau program benefits." (Dckt. 10-14, pg. 18). The 1997 regulation was an interim regulation which was finalized on December 22, 2000. See 65 Fed. Reg. 80745.

V. **ANALYSIS**

A. **Exhaustion**

Federal inmates generally are required to exhaust their administrative remedies prior to filing a § 2241 petition. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996); Colton v. Ashcroft, 299 F. Supp. 2d 681 (E.D. Ky (2004). However, to the extent that exhaustion has been applied to habeas corpus, such requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. For this reason, it follows that a Court has the discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006) (recognizing that several circuits and district courts have found that the exhaustion requirement may be waived under § 2241 and noting that although the Fourth Circuit has not directly addressed this issue, it has shown a willingness to adopt a futility exception to the general exhaustion requirement in habeas corpus actions). Here, the petitioner appears to acknowledge that he has not exhausted his administrative remedies by stating in his reply to the respondent's answer that "there is no Administrative Remedy for Plaintiff's [sic] wrong." (Dckt. 11-

5

1, p. 1). Furthermore, the information supplied by the respondent establishes that the petitioner has not filed a request for administrative regarding his eligibility for early release at any level of the administrative remedy program. (Dckt.. 10-5, pp 1-2). Inasmuch as the petitioner has not articulated a futility argument in defense of his failure to exhaust his administrative remedies, the court could dismiss this matter without prejudice for that failure.

However, even if the petitioner had exhausted his administrative remedies, it is clear that the BOP properly utilized Program Statement 5162.04, Categorization of Offenses, to determine that petitioner was not eligible for early release. Unlike formal regulations, a BOP program statement is an "internal agency guidelines that has not been subjected to the rigors of notice and comment rulemaking." Cunningham v. Scibana, 259 F.3d 303, 306 (4th Cir. 2001). An agency's policy statement merely setting forth the agency's interpretation of a governing statute, however, "lack[s] the force of law" and is not entitled to deference under Chevron U.S.A. Inc. v. Natural Resources Defense Counsel, Inc., 467 U.S. 837 (1984). See Christensen v. Harris County, 529 U.S. 576, 587 (2000). Rather, such statements are "entitled to respect," but only to the extent they have the power to persuade." Id. (internal quotation marks omitted); accord Cunningham, supra at 307) ("because the offense classification that disqualifies Cunningham for early release is contained in a BOP program statement instead of regulations, we will respect the classification if the program statement packs sufficient power to persuade us").

The Supreme Court has explained what gives an agency interpretation, such as a program statement, the "power to persuade":

> We consider that the rulings, interpretations and opinions of the Administrator under this Act, while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort

> for guidance. The weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity
>
> of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.

Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944).

Here, the BOP's policy to, in the Director's discretion, exclude from consideration for early release those prisoners convicted of possession of a weapon by a felon, is a permissible interpretation which has the power to persuade. See Pelissero v. Thompson, 170 F.3d 442, 447 (4th Cir. 1999). See also Venegas v. Henman, 126 F.3d 760, 763-65 (5th Cir. 1997) ("The Bureau did not exceed its statutory authority by using its discretion to exclude from consideration for early release those prisoners convicted of possession of a weapon by a felon and offenses enhanced under the sentencing guidelines for possession of a weapon.').

Here, the BOP's denial of the petitioner's eligibility for early release rests not on a definition of "crimes of violence," but on its discretion to prescribe additional early release criteria. BOP staff properly determined that under Program Statement 5162.04, Categorization of Offenses, petitioner was not eligible for early release since his current offense "involved the carrying, possession, or use of a firearm or other dangerous weapon." (Dckt. 10-14, p. 9). Furthermore, case law supports that this determination is "consistent with the letter and spirit of the Bureau's authority as derived from section 3621(e)." Venegas, supra at 765.

## VI  Recommendation

Based on the foregoing, including the petitioner's release from incarceration which renders this petition moot, the undersigned recommends that the petitioner's §2241 petition be **DENIED**.

Any party may file, within ten (10) days after being served with a copy of this

Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: May 31, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE